# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0256** (Pocahontas County 14-M-AP-01(D))

**William White Williams,**
**Defendant Below, Petitioner**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William White Williams, self-represented litigant, appeals the February 25, 2019, order of the Circuit Court of Pocahontas County, challenging the sufficiency of the evidence underlying his battery conviction. The State of West Virginia, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter stems from a September 30, 2015, incident that occurred on property owned by the National Alliance ("NA") in Mill Point, Pocahontas County, West Virginia. Petitioner, a resident of Tennessee and the Chairman of the NA, was charged with battery of Garland DeCourcy, who was working on the property.[1] Ms. DeCourcy alleged that on September 29, 2015, she received a personal call while at work and "[petitioner] went ballistic and started going crazy." Following this call, petitioner would not let Ms. DeCourcy leave the office. Ms. DeCourcy eventually left and returned the following day, but tried to avoid petitioner.

Per the record, petitioner came into Ms. DeCourcy's office. When Ms. DeCourcy moved to get her purse, she asserted that petitioner told her he was not done with her and came across the

---

[1] Petitioner alleges that Ms. DeCourcy was his employee, not an employee of the NA; however, that distinction is of no moment for the issues upon review.

1

room with a hand fisted, which knocked her into chairs. Ms. DeCourcy alleged that petitioner then choked her using both hands around her neck and screamed that she knew too much. Ms. DeCourcy claimed that as petitioner pushed her into a corner, she tripped over a file cabinet, and he continued to push her toward bookcases.[2]

During the incident between petitioner and Ms. DeCourcy, Michael Oljaca, a NA member, had been standing outside of Ms. DeCourcy's office, because Mr. Williams "was getting more violent" during recent visits.[3] During the incident, Mr. Oljaca came into Ms. DeCourcy's office yelling for petitioner to stop and petitioner told Mr. Oljaca that Ms. DeCourcy needed to be "shut up for good" because "[s]he knows too much." A physical altercation ensued with petitioner and Mr. Oljaca. Following the altercation, Ms. DeCourcy and Mr. Oljaca left the building through the back door.

Mr. Oljaca and Ms. DeCourcy took photographs of Ms. DeCourcy's neck following the incident.[4] Then, they left the NA premises and went to the nearby home of Robert DeMarais, where Ms. DeCourcy rented a room. They advised Mr. DeMarais about the incident with petitioner from earlier in the day. Although Mr. DeMarais advised Ms. DeCourcy to call the police, she waited to contact the police until after petitioner left town due to fear for both for her safety and the safety of Mr. Oljaca.

Petitioner was charged with battery and his charge was presented in a bench trial in magistrate court. He was convicted of battery and appealed this conviction to the circuit court. On April 14, 2018, petitioner received a de novo bench trial in circuit court.

Ms. DeCourcy and Mr. DeMarais testified at the circuit court trial. Ms. DeCourcy testified to the incident of September 30, 2015. Mr. DeMarais corroborated Ms. DeCourcy's testimony about their discussion on the evening of September 30, 2015. He described Ms. DeCourcy as being very nervous and frightened and testified that she had visible injuries to both sides of her neck, with the injury to the left side being more pronounced than the injury to the right. Petitioner testified on his own behalf. Additionally, petitioner's wife and another witness testified on his behalf.

---

[2] Petitioner concedes that he did have an exchange with Ms. DeCourcy on the date in question, but denies that he committed battery. Specifically, he confirmed that he sat behind her desk; that his hand made contact with her chin when he held out his arm across the desk to stop her from shaking her finger in his face; and that he used profanities to her, telling her to "shut the f--- up." Although petitioner later reported to the West Virginia State Police that he was acting in self-defense, he testified that he did not feel physically threatened by Ms. DeCourcy.

[3] Petitioner maintains that Mr. Oljaca was inside the office during the entire exchange.

[4] Petitioner takes issue with these photographs and contends that "the State's only evidence was eight undated, un-timestamped selfies with [a] slight pink spot on [Ms. DeCourcy's] neck, submitted by [Ms. DeCourcy] to law enforcement more than two months after the alleged [] battery."

The circuit court found petitioner guilty of battery and his counsel filed a motion for a new trial. The following day, petitioner filed an "Amendment for Motion for New Trial" without the assistance of counsel. Petitioner's motion was denied.

Petitioner was sentenced by the circuit court to six months of incarceration; however, the circuit court suspended all but twenty days of the sentence, and petitioner was credited with two days for time that he previously served. The circuit court placed petitioner on probation for eighteen months.

Petitioner filed this appeal challenging his conviction. On appeal, petitioner asserts that there were numerous legal errors including: no proper investigation, lack of sufficient evidence, unreliable witnesses, and significant doubt that the battery occurred. Inasmuch as each of these errors deal with whether the evidence was sufficient to convict petitioner, we will address them together.

Generally,

> "[i]n reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006).

With specific regard to petitioner's claim that the evidence at trial was insufficient to convict him of battery,[5] this Court has stated that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Further,

---

[5] West Virginia Code § 61-2-9(b) (2014) provides, in relevant part, that a battery occurs when "[a]ny person . . . unlawfully and intentionally makes physical contact of an insulting or provoking nature to the person of another or unlawfully and intentionally causes physical harm to another person[.]"

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, syl. pt. 3, in part. Finally, "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *Id*. at 669 n.9, 461 S.E.2d at 175 n.9.

Here, based on our review of the January 7, 2019, trial transcript, we find no cause to disturb the circuit court's findings. Both the magistrate court and the circuit court made credibility determinations as to the witnesses who testified in petitioner's criminal proceedings. The circuit court found Ms. DeCourcy's testimony to be credible to the extent that it was consistent with her statements; the photographs depicting redness and swelling were consistent with the type of injury Ms. DeCourcy described; Ms. DeCourcy's statement to the West Virginia State Police Trooper was consistent with her testimony; Mr. DeMarais's testimony corroborated Ms. DeCourcy's testimony and he saw injuries to her neck; and most telling, petitioner's wife, Ms. Williams, testified that Ms. DeCourcy told her that petitioner had choked her. Despite petitioner's repeated requests, we decline to conduct a credibility determination, especially where the circuit court assessed the credibility of these witnesses. Further, we find that petitioner's conviction should not be set aside because, contrary to petitioner's assertions, the record contains sufficient evidence to support his conviction.

In the argument section of petitioner's brief he asserts that the circuit court judge displayed signs of judicial misconduct. Notably absent from the record, however, is any request by petitioner to disqualify the circuit court judge pursuant to West Virginia Trial Court Rule 17. Petitioner's claim is largely based upon his disagreement with his conviction, the sufficiency of the evidence against him, the credibility of Ms. DeCourcy, law enforcement's investigation, the circuit court's denial of various motions, and the sentence imposed upon him by the circuit court. Although petitioner devoted approximately ten pages of his brief to his attack of the trial court judge, his brief contains little more than self-serving speculation, conclusory suppositions, and considerable reference to matters outside of the appellate record. Notably, the only legal authorities cited by petitioner in connection with this argument were Canon 2 of the West Virginia Judicial Code of Conduct and the 6th Amendment, but petitioner does not address how these were violated by the circuit court. His reply, however, suggests that he "was expecting [the] State's comments on each of six presented Rules of Cannon [sic] 2."

Although leniency and latitude is afforded to self-represented litigants such as petitioner, they must still comply with the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

4

[t]he brief must contain an argument exhibiting clearly the points of fact and *law presented,* the standard of review applicable, and *citing the authorities relied on . . . [and]* must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure, and thus, we decline to address this assignment of error on appeal.

Next, on direct appeal, petitioner maintains that his counsel was ineffective at the magistrate court and circuit court levels. He also asserts that the counseling he received was ineffective.[6] This Court has long held that ineffective assistance of counsel claims are inappropriate for review on direct appeal. *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Specifically, in *Miller*, we addressed the difficulty this Court has when reviewing these matters:

To meet our review function, we must match applicable principles of law to the discerned facts and circumstances of the litigated case. When those facts are not properly furnished to this Court, we are denied the basic tools necessary to carry out our function. Thus, under those circumstances, we have found that issues, such as ineffective assistance of counsel, were not ripe for direct appellate review. *See State v. Triplett,* 187 W.Va. 760, 771, 421 S.E.2d 511, 522 (1992) ("it is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal").

194 W. Va. at 14, 459 S.E.2d at 125.

Inasmuch as petitioner's ineffective assistance of counsel claims are raised on direct appeal, a developed record does not exist, and this Court is deprived of the necessary tools to address petitioner's allegations. Moreover, this portion of petitioner's brief also fails to satisfy the requirements of Rule 10 of the West Virginia Rules of Appellate Procedure because it lacks citation to legal authority, fails to structure an argument applying applicable law, and largely arises from matters outside the record. Therefore, this ground for relief is insufficient, and we decline to disturb the circuit court's ruling.

For the foregoing reasons, we affirm the circuit court's order.

---

[6] As in other portions of his brief, petitioner relies largely upon assertions not contained in the record to form the basis of his argument.

5

Affirmed.

**ISSUED:**  June 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison